829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louella S. THOMAS, Petitioner,
v.
DEPARTMENT OF the Army, Respondent.
 Appeal No. 87-3309
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. DC07528610103, which decision upheld the removal of Louella S. Thomas (Thomas) by the Department of the Army (agency), is affirmed.
 
 OPINION
 
 2
 Thomas contends that the agency's charges do not specify what fact was misrepresented, and that the presiding official's decision did not specify what constituted the act of fraud. These contentions cannot be sustained. The Notice of Proposed Removal states that:
 
 
 3
 The sick leave document, SF 71, was fraudulent in that you knew before leaving for Germany on TDY that you would be going to Hamburg, FRG, to visit your brother-in-law. Your brother-in-law was to undergo heart connected surgery. Further, your brother-in-law allegedly signed the sick leave document, SF 71. Sick leave can not be used for illnesses of relatives. Your use of sick leave was to cover a period of time which you knew in advance that you would be using to visit your relative.
 
 
 4
 Thus, the agency's charges clearly specify what the agency considered to be Thomas' false representations and why it considered the sick leave document fraudulent. In addition, the presiding official's decision clearly explained why the charge involving the fraudulent sick leave request was sustained.
 
 
 5
 Thomas claims the board's decision was not supported by substantial evidence. However, the presiding official stated that Thomas' credibility was an 'extremely important factor' in the case, and found that Thomas' testimony was not credible and the testimony of the agency's witnesses was very credible. Those determinations are within the discretion of the presiding official who heard the testimony and observed the demeanor of the witnesses. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985). Credibility determinations are largely unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).
 
 
 6
 Thomas also claims that the penalty of removal was an abuse of discretion because it was too harsh for what she contends was, at most, de minimus conduct. To the contrary, the presiding official stated that the charges were serious ones which put Thomas' trustworthiness in question and that Thomas acted intentionally. The choice of a penalty is a matter of agency discretion which will not be disturbed unless it exceeds the range of permissible punishments or it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion . . .'.' Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct. Cl. 1976), cert. denied, 444 U.S. 1044 (1980)).
 
 
 7
 We must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).